DAVID N. KELLEY
United States Attorney for the
Southern District of New York
By: WENDY H. WASZMER*
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2729
Facsimile: (212) 637-2717
* Authorized to represent the United States in this District.

ORIGINAL

DOC # 1

JUDGE McMAHON
05 CV 5399

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

BRUCE USEO, MAUREEN USEO, ORANGE
COUNTY DEPARTMENT OF SOCIAL
SERVICES, JOHN DOES NOS. 1-10
and JANE DOES NOS. 1-10,

        Defendants.

- - - - - - - - - - - - - - - - -x

COMPLAINT

05 Civ. ____

      Plaintiff, United States of America ("the United States" or "the Government"), by and through its attorney, David N. Kelley, United States Attorney for the Southern District of New York, for its complaint herein alleges upon information and belief as follows:

### INTRODUCTION

      1. This is an action brought by the United States to foreclose a mortgage on property located in the Town of Greenville, County of Orange and State of New York, within the Southern District of New York.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), in that the property is located within the jurisdiction of the Southern District of New York.

## THE PARTIES

4. The Rural Housing Service ("RHS"), formerly known as Rural Economic and Community Development and the Farmers Home Administration ("FHA"), is an agency of the United States. The United States is a sovereign and body politic.

5. Defendants Bruce Useo and Maureen Useo ("Borrowers") reside at 10 James Court, Port Jervis, New York (the "premises" or the "Mortgaged Property").

6. Defendant Orange County Department of Social Services is named as a defendant herein because it has, or may claim to have, an interest in, claim, or lien against the premises arising from a judgment in the amount of $1,608.00, which was recorded by the Orange County Clerk on July 21, 2003, as Instrument Number 20030098282.

7. John Does Nos. 1-10 and Jane Does Nos. 1-10 may be persons or parties in possession of, having, or claiming an interest in or lien on the premises.

2

## FACTS AND CLAIMS OF RELIEF

8. On or about December 18, 1992, Borrowers executed and delivered a secured promissory note to FHA in the principal amount of $105,000.00, plus interest at the rate of 7.75% annually ("the Note"). A true and correct copy of the Note is attached hereto as Exhibit A and is made a part hereof.

9. On December 18, 1992, to secure payment of the Note, Borrowers executed and delivered a Real Estate Mortgage ("the Mortgage") with the Note in favor of FHA covering the Mortgaged Property, described therein. The Mortgage was recorded on December 18, 1992, in the Orange County Clerk's Office, in Liber 4545 of Mortgages at Page 146. A true copy of the Mortgage is attached hereto as Exhibit B and is made a part hereof.

10. On or about November 14, 2000, Borrowers executed and delivered to RHS a reamortization agreement, with the effective date of October 18, 2000 ("the Reamortization Agreement"). The agreement reamortized Borrowers' outstanding debt under the Note, including accrued interest and advances through October 18, 2000, in the amount of $137,858.39. The Reamortization Agreement did not affect any of the terms of the Note or Mortgage other than the payment schedule. A true and correct copy of the Reamortization Agreement is attached hereto as Exhibit C and is made a part hereof.

11.  The Mortgage, the Note, and the Reamortization Agreement required Borrowers to pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the Mortgaged Property, and to keep the Mortgaged Property insured.  The Mortgage further provided that in the event of a default in making such payments, the Government was authorized to make such payments as advances for the account.  Pursuant to the terms of the Mortgage, such advances together with the interest thereon are immediately due and payable by Borrowers to the Government, without demand, and are secured by the Mortgage.

12.  Pursuant to the terms of a Subsidy Repayment Agreement dated August 30, 1993, and Interest Credit Agreements with effective dates of July 19, 1993, July 18, 1994, July 18, 1995, July 18, 1996, and July 18, 1997, the interest rate described on the Note was reduced during each Agreement's effective period.  Pursuant to 42 U.S.C. § 1490a and the terms of the Mortgage, any interest credit assistance is subject to recapture upon disposition of the property.  The amount subject to recapture is $55,122.40.  True and correct copies of the Subsidy Repayment Agreement and the Interest Credit Agreements are attached hereto as Exhibit D and are made a part hereof.

13.  On or about July 8, 2004, a notice of default and demand letter was sent to each of Borrowers.  RHS advised

Borrowers that due to their continued failure to make the required mortgage payments and in accordance with the terms of the Mortgage and Note, the indebtedness due on the Note was accelerated and deemed to be immediately due and payable. True and correct copies of the July 8, 2004 letters are annexed hereto as Exhibit E and are made a part hereof.

14. By letter dated April 14, 2005, and forwarded by certified mail, return receipt requested, and by first class mail, the United States again informed Borrowers that they were in default on the Mortgage. This letter advised Borrowers that the Mortgage would be foreclosed if satisfactory payment was not received by May 12, 2005. A true and correct copy of the April 14, 2005 letter is annexed hereto as Exhibit F.

15. Despite the demands for payment, Borrowers have failed to make the installment payments required by the Note and the Mortgage, and have not made sufficient payments to render the loans current. The United States thus declares due the entire outstanding balance of principal and interest.

16. The Borrowers further failed to make the necessary tax and/or insurance payments on the Mortgaged property, thereby requiring the United States to advance the same to protect its interest.

17. As of June 1, 2005, Borrowers were justly indebted to the United States on the Note for the principal amount of

$126,747.24, plus accrued interest in the amount of $11,841.27, plus subsidies in the amount of $55,122.40, plus uncollected late charges in the amount of $31.11, plus advances of $3,214.81, plus interest on advances of $30.03. The total amount of the debt as of June 1, 2005 was $196,986.86. Interest continues to accrue on the principal balance at rate of 7.75% annually.

18. In order to protect its security interest, the United States may be compelled, during the pendency of this action, to pay taxes, assessments, water or sewer rates, water charges, insurance premiums, and any other charges affecting the premises. Plaintiff requests that any sum so paid shall be added to the sum otherwise due and be deemed secured by the Mortgage and adjudged a valid lien on the premises herein described.

19. No other action has been commenced at law or otherwise for the recovery of the sum, or any part thereof, secured by the Note and Mortgage.

WHEREFORE, plaintiff, United States of America, demands:

(a) judgment holding Bruce Useo and Maureen Useo in default on the Note and Mortgage;

(b) an adjudication of the amount due plaintiff on the Note and Mortgage;

(c) judgment ordering that the named defendants, and all other persons whose claims are subsequent to or recorded

after the filing of notice of pendency of this action in the office of the Clerk of Orange County in the State of New York, be forever barred and foreclosed from all right, title, claim, lien or other interest in the Mortgaged Property;

(d) an order directing the foreclosure and sale of the Mortgaged Property with the proceeds to be first applied to pay the liens of taxing authorities entitled to priority, if any, and thereafter to amounts due plaintiff under the Note and Mortgage, with interest to the date of payment, plus costs and disbursements of this action;

(e) a deficiency judgment, under NYRPAPL § 1371, in the event that the debt remains unsatisfied after a sale of the premises; and

(f) such further relief as the Court may deem just.

Dated:   New York, New York
         June 7, 2005

                                    DAVID N. KELLEY
                                    United States Attorney for the
                                    Southern District of New York
                                    Attorney for the United States
                                    of America

                              By: _____/s/ Wendy H. Waszmer_____
                                    WENDY H. WASZMER
                                    Assistant United States Attorney
                                    86 Chambers Street
                                    New York, New York  10007
                                    Telephone: (212) 637-2729
                                    Facsimile: (212) 637-2717